JOEL M. HURLEY,                                  Case No. 16-cv-228-pp

       Petitioner,

v.

JUDY P. SMITH,

       Respondent.

**ORDER SCREENING §2254 *HABEAS CORPUS* PETITION (DKT. NO. 1), AND ORDERING THE RESPONDENT TO ANSWER OR OTHERWISE RESPOND**

Joel M. Hurley, who is represented by counsel, filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Dkt. No. 1. He has paid the $5.00 filing fee. The case is now before the court for screening pursuant to Rule 4 of the Rules Governing §2254 Proceedings.

**I.**     **BACKGROUND**

The petitioner was charged in the Marinette County Circuit Court of one count of first degree sexual assault of a child, in violation of Wis. Stat. §948.02(1)(b). Dkt. No. 1 at 15. Before the petitioner appeared on that charge, the state filed an amended complaint, charging him with one count of repeated sexual assault of the same child, in violation of Wis. Stat. §948.025. Id. at 15-16; Dkt. No. 1-3, at 1-3. That complaint did not allege specific dates for the assaults. Dkt. No. 1 at 16. At the preliminary hearing, the state called one witness (aged 16), who identified the petitioner as the person who had

1

assaulted her when she was in elementary school; she testified that she did not recall exactly how many times this occurred. Id. at 16.

At arraignment, the petitioner's lawyer entered a not guilty plea, "raising all jurisdictional objections and sufficiency of the information." Id. This was the only mention of a possible question as to the sufficiency of the complaint. Id.

Before trial, the state asked the court to admit evidence of sexual contact between the petitioner and his sister when they were children; the sister testified that some fourteen to sixteen years earlier, the siblings had had sexual contact. Id. at 17. The petitioner's lawyer objected to admission of the evidence; the trial court allowed it as evidence of opportunity. The sister testified at trial, adding that she'd never told anyone about the childhood incidents until the victim in the Marinette County case had come forward. The petitioner denied the allegations, both on a monitored telephone call with the sister and at trial. Id. The trial court provided the jury with a cautionary instruction. Id. at 17.

The petitioner contends that no physical, forensic or eyewitness testimony was presented at trial to corroborate the victim's testimony. Id. at 19. He argues that his counsel failed to object to improper remarks by the prosecutor at trial. Id. at 20. The jury convicted the petitioner. Id. at 2.

The petitioner then moved the trial court for post-conviction relief, arguing (1) that the criminal complaint failed to provide adequate notice of the alleged crime, in violation of his due process rights; (2) that his trial counsel rendered ineffective assistance by failing to move to dismiss the amended complaint on due process grounds and by failing to object to two comments

2

made during the prosecutor's closing argument regarding other acts evidence; and (3) that the prosecutor's remarks were so prejudicial as to require a new trial. The trial court agreed with the petitioner's argument that the prosecutor's remarks were prejudicial, granted the petitioner's motion for a new trial on that basis, and denied his remaining requests for relief. Dkt. No. 1-2. The petitioner and the state filed cross-appeals in the Wisconsin Court of Appeals. Dkt. No. 1-3. That court concluded that the amended complaint violated the petitioner's due process rights and that the trial court had erred by admitting other acts evidence, but it did not address challenge to the prosecutor's closing argument remarks. Id. at 17-18, 23. The state then appealed to the Wisconsin Supreme Court, which reversed the Court of Appeals' decision and remanded the case to the circuit court with instructions to reinstate the jury's verdict. Dkt. No. 1-4, at 4-5. The circuit court revoked the petitioner's bail on April 24, 2015, and the circuit court reinstated the original judgment of conviction on August 26, 2015. State v. Powell, 2011CF00090, available at https://wcca.wicourts.gov.

The petitioner subsequently filed this federal *habeas* petition. Dkt. No. 1. The petition sets forth four grounds for *habeas* relief: (1) that the amended complaint violated the petitioner's due process right to adequate notice of the charge against him; (2) that his trial counsel violated the petitioner's Sixth Amendment right to adequate assistance of counsel because he failed to move the trial court to dismiss the complaint based on insufficient notice of the charge; (3) the trial court's admission of other acts evidence violated his due process right to a fair trial; and (4) certain of the prosecutor's remarks in his

3

closing argument prejudiced the petitioner's right to a fair trial. Dkt. No. 1 at 12. The petitioner asks the court to grant his petition, vacate his conviction, and either dismiss the case based on the constitutional insufficiency of the charging documents or remand the case to the trial court for a new trial based on the alleged violations of his due process rights. Id.

## II.  THE PETITIONER MAY PROCEED ON EACH CLAIM IN HIS PETITION.

The court now will review, or "screen" the petition. Rule 4 of the Rules Governing §2254 Proceedings says:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

At this stage, the court reviews the petition and its exhibits to determine if the petitioner has set forth claims arising under the Constitution or federal law that are cognizable on *habeas* review, exhausted in the state court system, and not procedurally defaulted.

The petitioner's claims that the amended complaint violated his due process right to notice of the charge against him, that his trial counsel rendered ineffective assistance by failing to file a motion to dismiss the complaint, that the trial court violated his due process right to a fundamentally fair trial by admitting evidence of other acts, and that the prosecutor's alleged improper remarks deprived him of a fair trial are cognizable on *habeas* review. See, e.g., Fawcett v. Bablitch, 962 F.2d 617, 618 (7th Cir. 1992) (sufficiency of

4

the indictment); United States v. Cieslowski, 410 F.3d 353, 360 (7th Cir. 2005) (ineffective assistances based on counsel's failure to file a motion); Watkins v. Meloy, 95 F.3d 4, 6-7 (7th Cir. 1996) (other acts evidence); United States v. Harper, 662 F.3d 958, 962 (7th Cir. 2011) (improper remarks during closing arguments). At the screening stage, the court expresses no view on the merits of any of the petitioner's claims; the court finds only that the petitioner has stated claims that are generally cognizable on *habeas* review.

Next, in order to decide whether the petitioner's *habeas* case can move forward, the court must determine whether it appears, on the face of the petition, that the petitioner has exhausted his state remedies on these claims. Section 2254 states, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." The United States Court of Appeals for the Seventh Circuit has held that a district court judge cannot consider the merits of a petitioner's habeas argument "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). A prisoner exhausts a constitutional claim when he has presented it to the highest state court for a ruling on the merits. O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1733 (1999); Arrieta v. Battaglia, 461 F.3d 861, 863 (7th Cir. 2006). Once the state's highest court has had a full and fair opportunity to evaluate the merits of the claim, a prisoner is not

5

required to present it again to the state courts. Humphrey v. Cady, 405 U.S. 504, 516 n. 18, 92 S. Ct. 1048, 1055 n. 16 (1972).

From the face of the petition and the attachments to the petition, it appears that the petitioner has satisfied this requirement; at this preliminary stage, it appears that he presented each of his claims to each level of the Wisconsin state courts, and ultimately was denied relief. The court notes, however, that at this stage in the case, the respondent has not had an opportunity to weigh in on the exhaustion question; nothing in this order prevents the respondent from arguing that the petitioner has not exhausted his claims, or from filing pleadings based on that argument.

Finally, the court considers whether the petitioner procedurally defaulted any of his claims. Even if a petitioner has exhausted review of a constitutional claim in the state courts, it is possible that a federal *habeas* court can be foreclosed from reviewing the claim on the merits because of a "procedural default." A criminal defendant "procedurally defaults" a claim—and loses the right to federal *habeas* review—if the last state court that issued judgment " 'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038, 1043 (1989) (quoting Caldwell v. Mississippi, 472 U.S. 320, 327, 105 S. Ct. 2633, 2638 (1985)). There can be several kinds of state procedural bars, including, but not limited to, failing "to raise a claim of error at the time or in the place that state law requires." Trevino v. Thaler, --- U.S. ---, 133 S. Ct. 1911, 1917 (2013). At this point in the case, the court can discern no procedural default from the face of

6

the petition or its attachments. Therefore the court will allow all four of the claims in the petitioner's *habeas* case to proceed.

### III.  CONCLUSION

The court **ORDERS** that the petitioner may proceed on each of the claims in his *habeas* petition.

The court **ORDERS** that within **sixty** days of the date of this order, the respondent shall **ANSWER OR OTHERWISE RESPOND** to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has **forty-five (45) days** after the respondent files his answer to file his brief in support of his petition;

(2) the respondent has **forty-five (45) days** after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has **thirty (30) days** after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within **forty-five (45) days** of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within **thirty (30) days** of the date the petitioner files the opposition brief.

7

Pursuant to Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed **thirty (30)** pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, the Attorney General for the State of Wisconsin and to Judy P. Smith, Warden of the Oshkosh Correctional Institution will receive copies of the petition and this order electronically.

Dated in Milwaukee, Wisconsin this 8th day of June, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge