UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOEL HURLEY,

    Petitioner,

v.                                                                  Case No. 16-cv-228-pp

CATHY A. JESS,

    Respondent.

**ORDER ADOPTING MAGISTRATE JUDGE DUFFIN'S RECOMMENDATION (DKT. NO. 22), DENYING PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 1), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

## I.    Introduction

On February 26, 2016, the petitioner, represented by counsel, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his March 16, 2012 conviction in Marinette County Circuit Court on one count of repeated sexual assault of a child in violation of Wis. Stat. §948.025. Dkt. No. 1. He paid the $5.00 filing fee. On June 8, 2016, this court screened the petition and ordered the respondent to answer or otherwise respond. Dkt. No. 4. The respondent filed her response in September of 2016 and the parties concluded briefing on August 31, 2017.

Due to the court's heavy caseload, the court referred the case to Magistrate Judge William E. Duffin for a report and recommendation. Dkt. No. 21. On August 22, 2019, Judge Duffin issued a decision recommending that

1

this court deny the petition. Dkt. No. 22. The recommendation advised the petitioner that he needed to file written objections within fourteen days of the date he was served with the recommendation. Id. at 20. To date, the petitioner has not filed objections to the recommendation. Because Judge Duffin's reasoning is not clearly erroneous, the court will adopt it and will dismiss the petition.

## II. Analysis

### A. Standard of Review

The Federal Rules of Civil Procedure apply to *habeas* petitions filed under 28 U.S.C. §2254. See Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts. Under Fed. R. Civ. P. 72(b), if a party does not object to a magistrate judge's report and recommendation, the district court reviews the magistrate judge's recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). Because the petitioner has not filed any objections, this court's only task is to review Judge Duffin's report and recommendation for clear error.

### B. Judge Duffin's Report and Recommendation (Dkt. No. 22)

#### 1. *Facts and Procedural History*

The following is a quote from the "Facts and Procedural History" section of Judge Duffin's report and recommendation:

> In September of 2010, fifteen-year-old MCN told her mother that, when she was in elementary school, her then-stepfather, [the petitioner], would lay in bed with her and sexually assault her with his hand. (ECF No. 8-15 at 94.) MCN's mother and [the petitioner] had been divorced for years and, although MCN could recall certain details of the assaults, she was unable to recall many details as to

2

when the assaults occurred. Other than recalling that the assaults occurred after the family had moved in a newly built home but before she entered middle school in fifth grade, she could not be more specific. (ECF No. 8-15 at 96, 110, 116.) Other evidence demonstrated that the family moved into the home in early-2003 (ECF No. 9-16 at 91), and MCN would have begun fifth grade in late-2005.

MCN also reported other incidents of a sexual nature involving [the petitioner]. In one, [the petitioner] chased her around the house in a playful manner, caught her, and took off her clothes. She did not recall the context of this incident, but it might have been related to getting her to take a bath or ready for bed. (ECF No. 8-15 at 112.) In middle school, [the petitioner] would weigh her naked, and would sometimes carry her there by putting her on his shoulders while she was naked.[2] (ECF No. 8-15 at 98-99.) And there was one last instance where he got into the shower with her. (ECF No. 8-15 at 97.) MCN was naked but Hurley was wearing his underwear. Hurley asked MCN if she would tell her mother about it and she said she would. (ECF No. 8-15 at 97-98.) But she was afraid and did not report it until she was 15.

In July 2011, Hurley was charged with one count of repeated sexual assault of a child occurring between 2000 and 2005. (ECF No. 18.[3])

After MCN accused [the petitioner], his sister contacted law enforcement and reported that, when she was between eight and ten years old, [the petitioner] repeatedly sexually assaulted her. These incidents occurred in the early to mid-1980s, roughly 20 years

---

[2] The Wisconsin Supreme Court concluded that these weighing instances constituted allegations "of sexual contact with a child under the age of thirteen, contrary to Wis. Stat. §948.02(1)(b)," based on the assumption that, if [the petitioner] was carrying [MCN] on his shoulders, her "intimate parts" would be in contact with his body. *Hurley*, 2015 WI 35, ¶39. Thus, by its tally, the amended complaint alleged 26 separate sexual assaults—"five acts of digital penetration of the vagina and one act of forced touching of Hurley's genitals" and the instances where Hurley carried MCN to be weighed, which she estimated to have occurred "in excess of 20 times." *Id.*, ¶¶37-40.

[3] The court has been provided with a copy of the amended criminal complaint and the judgment of conviction; the information does not appear to be in the record.

before the sexual assault of MCN, when [the petitioner] was about 12 to 14 years old.

Over [the petitioner's] objection, his sister was allowed to testify about [the petitioner's] alleged sexual assault of her. Prior to her testimony, the court instructed the jury as follows:

> Members of the Jury, evidence will now be presented regarding other conduct of the defendant for which the defendant is not on trial, specifically evidence will be presented that the defendant engaged in sexual intercourse with Janell Goldsmith. Sexual intercourse means any intrusion however slight by any part of a person's body or of any object into the genital or anal opening of another. Emission of semen is not required.
>
> If you find this conduct did occur, you should consider it only on the issues of opportunity and method of operation. You may not consider this evidence to conclude that the defendant has a certain character or a certain character trait and that the defendant acted in conformity with that trait or character with respect to the offenses charged in this case.
>
> The evidence is received on the issues of, first, opportunity, that is whether the defendant had the opportunity to commit the offense charged; and second, method of operation.
>
> You may consider this evidence only for the purposes I have described giving it the weight you determine it deserves. It is not to be used to conclude that the defendant is a bad person and for that reason is guilty of the offense charged.

(ECF Nos. 8-15 at 170—8-16 at 4.)

[The petitioner] testified and denied any incident where he chased MCN and removed her clothes (ECF No. 8-16 at 107), denied ever weighing MCN nude (except for one instance where MCN's mother weighed her nude and he was present) (ECF No. 8-16 at 108), denied every carrying MCN on his shoulders while she was naked (ECF No. 8-16 at 113-14, 121-22). He was also asked if he recalled the conduct his sister alleged. He said he did not. (ECF No. 8-16 at 98, 100.) In his closing argument, the prosecutor said: "When the defendant testified, he was asked by his – by the attorney

4

regarding [his sister] he said well, do you recall any of these incidents with [your sister] ever happening? And his answer was no. The question wasn't did you do this or not, it was do you recall? That's different than it didn't happen." (ECF No. 8-17 at 25-26.)

The prosecutor also referred to [the petitioner's] sister's testimony in his closing: "one of the purposes you can use [her] testimony for is the defendant's opportunity, his opportunity to commit the crime. The defendant's opportunistic, took advantage of two elementary girls, just like the prowling cat taking advantage of that mouse in the box. Opportunity, Ladies and Gentlemen. A preying cat, a vulnerable mouse." (ECF No. 8-17 at 31.)

On January 19, 2012, the jury convicted [the petitioner] and the court sentenced him to 18 years of initial confinement and seven years of extended supervision. (ECF No. 8-1.)

[The petitioner] sought post-conviction relief on a variety of grounds. (*See* ECF No. 8-3.) The circuit court granted the motion, finding that the prosecutor's closing argument was improper when he suggested that [the petitioner] never denied his sister's allegations. The prosecutor knew that [the petitioner], in fact, had denied his sister's allegations, which denial was documented in a police report. (ECF No. 8-3 at 103.) The circuit court denied [the petitioner's] other claims for relief.

The state and [the petitioner] both appealed. (ECF No. 1-3.) The Wisconsin Court of Appeals concluded that the complaint violated due process and that the circuit court erred in admitting the sister's allegations. (ECF No. 1-3, ¶3.) It did not address the parties' other arguments, including the claim on which the circuit court granted relief.

The Wisconsin Supreme Court granted review and reversed the court of appeals. *State v. Hurley*, 2015 WI 35, 361 Wis.2d 529, 861 N.W.2d 174. Two justices dissented, agreeing with the court of appeals that the circuit court erroneously exercised its discretion in admitting the other acts evidence.

[The petitioner] then turned to this court with a petition for a writ of habeas corpus. In his petition he presents four arguments: (1) the time period alleged in the amended complaint and information is overbroad, depriving Hurley of his right to due process; (2) his lawyer was ineffective for not seeking to dismiss the charges based on insufficient notice; (3) the admission of his sister's

5

allegations violated his right to due process; and (4) the prosecutor's closing argument violated due process.

Dkt. No. 22 at 1-6.

Judge Duffin began his analysis by recounting that the federal *habeas* petition raised four grounds for relief: (1) that the period alleged in the amended complaint and information was overbroad, violating the petitioner's right to due process; (2) that his trial counsel was ineffective in failing to ask for dismissal of the charges based on insufficient notice; (3) that the trial court violated the petitioner's right to a fair trial when it admitted the sister's allegations; and (4) that the prosecutor's closing argument violated the petitioner's right to a fair trial. Dkt. No. 22 at 5-6. Judge Duffin recited the standard of review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), noting that this court could grant *habeas* relief only if the state court decision was "either (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined the Supreme Court of the United States,' or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Id. at 6 (quoting Miller v. Smith, 765 F.3d 754, 759-60 (7th Cir. 2014) (quoting 28 U.S.C. §2254(d)(1), (2))).

      2.    *Ground One: Sufficiency of Charging Documents*

Judge Duffin observed that the Fourteenth Amendment's due process clause "'guarantees a criminal defendant the fundament right to be informed of the nature and cause of the charges made against him so as to permit adequate preparation of a defense.'" Dkt. No. 22 at 6 (quoting Kaczmarek v.

6

Rednour, 627 F.3d 586, 596 (7th Cir. 2010)). He noted that this right included the requirement "that a defendant be informed 'with reasonable particularity' as to the 'time, place, and circumstances' of the alleged offense. Id. (quoting United States v. Cruikshank, 92 U.S. 542, 558 (1875)).

Judge Duffin recounted that the state had charged the petitioner with one count of repeated sexual assault of a child in violation of Wis. Stat. §948.025, occurring "on and between 2000 and 2005." Id. at 7-8 (quoting Dkt. No. 18 at 1). He reviewed the seven-factor test the Wisconsin Supreme Court had used in the petitioner's case to assess whether the six-year period provided the petitioner with sufficient notice, as well as the court's finding that notice was sufficient. Id.

Judge Duffin emphasized that the petitioner had not cited United States Supreme Court precedent undermining the Wisconsin Supreme Court's decision. Id. at 8. He considered the authority cited by the petitioner, Fawcett v Bablitch, 962 F.2d 617 (7th Cir. 1992), but found that even if he accepted Fawcett's reasoning of the dicta, Fawcett would render a six-year span overbroad only where it "'destroyed any possibility of an adequate defense.'" Dkt. No. 22 at 10 (quoting Fawcett, 962 F.2d at 619).

Judge Duffin acknowledged that the six-year period charged in the petitioner's case was "obviously broad," but concluded that it was not unconstitutionally overbroad given that the "the offense of repeated sexual assault of a child will necessarily cover a 'period of time.'" Id. at 11 (quoting Wis. Stat. §948.025). He found the fact that the petitioner had faced a charge

7

that necessarily encompassed behavior over a period of time distinguished the case from Fawcett. Id. While Fawcett considered whether a broad timespan would vitiate the viability of an alibi defense, Judge Duffin remarked that an alibi defense would have been viable in this case only "if the state identified the specific date on which each assault is alleged to have occurred[.]" Id. He reasoned that such specificity has never been required—elementary school victims are not required to recall the specific dates of each assault before the state can prosecute their attackers. Id. Judge Duffin noted further that the alleged timespan did not preclude the petitioner from presenting a defense; at trial, the petitioner denied the allegations and challenged the victim's memory and the veracity of her claims. Id. Judge Duffin recommended that this court deny the petitioner *habeas* relief on this claim. His reasoning is not clearly erroneous. The court will adopt his reasoning, and deny the petition on this claim.

     3.  *Ground Two: Ineffective Assistance of Counsel*

The petitioner's second ground for relief was ineffective assistance of trial counsel. Judge Duffin observed that the petitioner would need to show "'both that counsel performed deficiently and that counsel's deficient performance caused him prejudice.'" Id. at 12 (quoting Buck v. Davis, — U.S. —, 137 S. Ct. 759, 775 (2017)). Judge Duffin concluded that "[t]rial counsel's decision to not challenge the charges obviously did not prejudice [the petitioner]" because the Wisconsin Supreme Court "considered the merits of [the petitioner's] challenge to the six-year time period and correctly rejected it." Id. Judge Duffin reasoned

8

that "[t]he challenge would have failed all the same had it been presented first by his trial counsel instead of his postconviction counsel." Id. The court finds no clear error in this reasoning, and will adopt it.

    4.    *Ground Three: Other Acts Evidence*

As for the third ground of the petitioner's federal *habeas* claim, Judge Duffin questioned whether the petitioner had fairly presented it to all levels of the Wisconsin state courts. Id. at 13. Judge Duffin remarked that federal *habeas* review required the petitioner "to have given 'the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court[,]'" meaning that the petitioner "must have presented not only the relevant facts but also the law that controls the claim that he now seeks to present in federal court." Id. (quoting Anderson v. Benik, 471 F.3d 811, 814 (7th Cir. 2006)).

Judge Duffin reviewed the petitioner's brief to the Wisconsin Supreme Court and found that it "focused entirely on the question of whether the admission of the testimony from [the petitioner's] sister [conformed] with Wisconsin evidentiary law." Id. at 14. He noted that neither the petitioner nor the precedent cited by the petitioner referred to "due process" or the Constitution. Id. Judge Duffin found that the petitioner had procedurally defaulted this claim by not fairly presenting it as a constitutional claim to the Wisconsin Supreme Court. Id. at 15.

Judge Duffin went further, stating that even if the court were to excuse the petitioner's procedural default, Judge Duffin would recommend that this

9

court deny the claim. Id. He cited the standard from Howard v. Sullivan, which stated,

> [t]o be of constitutional import, an erroneous evidentiary ruling must be so prejudicial that it compromises the petitioner's due process right to a fundamentally trial. This means that the error must have produced a significant likelihood that an innocent person has been convicted. Indeed, because of this high standard, evidentiary questions are generally now subject to review in habeas corpus proceedings.

Dkt. No. 22 at 15 (quoting Howard v. Sullivan, 185 F.3d 721, 723-24 (7th Cir. 1999) (internal citations omitted)). "Applying this standard," Judge Duffin found no basis for finding that the trial court's admission of the sister's testimony constituted a violation of the petitioner's due process rights. Id. He noted that evidence similar in nature to the sister's testimony "is routinely admitted in cases alleging sexual assault of a child and is authorized under Fed. R. Evid. 414." Id. at 16 (citing United States v. Hawpetoss, 478 F.3d 820, 823-27 (7th Cir. 2007)). He recommended that the court deny the petitioner relief on this claim. Judge Duffin's reasoning was not clearly erroneous, and the court will adopt it.

            5.      *Ground Four: Prosecutor's Closing Argument*

Finally, Judge Duffin considered the petitioner's argument that the prosecutor's closing statement violated the petitioner's due process rights. Dkt. No. 22 at 17. Judge Duffin recounted that the circuit court had found that the prosecutor's statement warranted a new trial, the court of appeals had not addressed the issue and the Wisconsin Supreme Court had reversed the circuit court's decision. Id. at 18. He again concluded that the petitioner had not fairly

10

presented this claim to the Wisconsin Supreme Court because his brief did not suggest that he was claiming a *constitutional* error in the prosecutor's closing statement. Id. Rather, the petitioner's brief to the Wisconsin Supreme Court argued that the circuit court's grant of a new trial did not constitute an abuse of discretion under Wisconsin state law. Id. The petitioner's Wisconsin Supreme Court brief cited State v. Weiss, 312 Wis. 2d 382 (Wis. Ct. App. 2008); Judge Duffin observed that while Weiss internally cited to a United States Supreme Court case about the limits of the prosecutor's closing argument, Weiss itself reversed the defendant's conviction under state law "in the interest of justice." Accordingly, Judge Duffin found the claim procedurally defaulted. Id.

Again, Judge Duffin went further and considered the claim on its merits. He stated that to obtain relief, the petitioner would have to show that "the prosecutor's argument 'had [a] substantial and injurious effect or influence in determining the jury's verdict.'" Id. at 19 (quoting Czech v. Melvin, 904 F.3d 570, 577 (7th Cir. 2018)). He further explained that the standard required the reviewing court to "make a 'de novo examination of the record as a whole' to decide whether a properly instructed jury would have arrived at the same verdict, absent the error." Id. (quoting Czech, 904 F.3d at 577).

Judge Duffin stated that having reviewed the record as a whole, he had "no doubt that the jury's verdict would have been the same had the prosecutor never made the argument or if the jury had known that there existed a police report noting that [the petitioner] denied his sister's allegations." Id. at 20.

11

Judge Duffin recommended the court deny the petitioner relief on this claim. Id. at 20. Nothing about Judge Duffin's reasoning is clearly erroneous, and the court will adopt it.

      6. *Summary*

Judge Duffin opined that none of the petitioner's *habeas* claims entitled him to relief and recommended that this court deny the petition entirely. As this court has stated above, it finds no clear error in Judge Duffin's report and recommendation. The court will deny the petition.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Peterson v. Douma, 751 F.3d 524, 528 (7th Cir. 2014) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). The court declines to issue a certificate of appealability, because no reasonable jurist could debate that the petitioner's claims do not warrant *habeas* relief under 28 U.S.C. §2254.

## IV. Conclusion

The court **ADOPTS** the reasoning in Judge Duffin's report and recommendation. Dkt. No. 22.

The court **DENIES** the petition for a writ of *habeas corpus*. Dkt. No. 1.

The court **ORDERS** that this case is **DISMISSED**.

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 31st day of December, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**